IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Kimberley S. Henry, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Wahlburg, Silverstein and Associates, Inc., a New York corporation, | ) 1:06-cv-0977-LJM-VSS |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Kimberley S. Henry, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages by reason of Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Kimberley S. Henry, ("Henry") is a citizen of the State of Indiana residing in the Southern District of Indiana from whom Defendant attempted to collect a consumer debt allegedly owed to Citifinancial.

4. Defendant, Wahlburg, Silverstein and Associates, Inc., is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and was acting as debt collector as to the debt it attempted to collect from Ms. Henry.

## FACTUAL ALLEGATIONS

5.  On February 26, 2002, Ms. Henry, filed a bankruptcy petition styled In re Kimberley S. Henry, No. 02-02982-JKC-7 (Bankr. S.D. Ind.). Among the debts listed on Schedule F of Henry's bankruptcy petition was a debt she owed to Citifinancial and, through its lawyers, it was given notice of Henry's bankruptcy. Moreover, on June 6, 2002, Ms. Henry was given a discharge of her debts and Citifinancial, through its attorneys, was given notice of this discharge.

6.  Nonetheless, on May 9, 2006, a debt collector for Defendant Wahlburg, "Donald Walker", called Ms. Henry to demand she pay the Citifinancial debt and referenced "case number NCF-4k450". Ms. Henry informed Defendant Wahlburg's debt collector that she had filed bankruptcy in 2002 and that she had been discharged from any liability to Citifinancial. Ms. Henry also provided the debt collector with her bankruptcy case number, as well as the name and telephone number of her bankruptcy attorney.

7.  Despite receiving direct notice of the bankruptcy and her representation by counsel, on June 14, 2006, another debt collector for Defendant Wahlburg, "Michelle Weiss", called Ms. Henry, and in a rude and demeaning manner, demanded that Ms. Henry pay the Citifinancial debt. Ms. Henry once again informed Defendant Wahlburg that she had filed bankruptcy and that she had been discharged from any liability to

Citifinancial. Ms. Henry also again provided Defendant Wahlburg with the name and telephone number of her bankruptcy attorney.

8. In fact, Ms. Henry's bankruptcy is a matter of public record. Defendant could have learned about Ms. Henry's bankruptcy by checking the records of the bankruptcy court itself or via a commercial search firm such as Banko, by checking Plaintiff's credit report, or by simply checking its own client's, Citifinancial's, records.

9. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint and the statements in their collection letter are to be interpreted under the "unsophisticated consumer" standard. See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Multiple False Statements

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

12. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

13. Additionally, by using a firm name of "and Associates" together with a "case number NCF-4k450", Defendant Wahlburg has, in a false, deceptive or misleading manner, represented that it is a law firm or that an attorney is involved in the collection of this debt or that a lawsuit has been filed – none of which is true.

14. Defendant's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

15. Plaintiff adopts and realleges ¶¶ 1-9.

16. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. The creditor and Defendant were given direct notice that Ms. Henry was represented by an attorney in connection with her debts. By directly calling Ms. Henry, despite notice that she was represented by bankruptcy counsel in connection with her debts, Defendant violated § 1692c(a)(2) of the FDCPA.

17. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Kimberley S. Henry, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2.   Enter judgment in favor of Plaintiff Henry, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kimberley S. Henry, demands trial by jury.

Kimberley S. Henry

By: _____
One of Plaintiff's Attorneys

Dated:  June 22, 2006

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert     (Ind. Bar No.14254-02)
Attorney at Law
8650 North Commerce Park Place
Suite N
Indianapolis, IN  46268
(317) 334-7090
(317) 802- 6025 (FAX)

5